IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ROBERT TUCK, | : | |
| | : | |
| Petitioner, | : | |
| | : | 7:11-CR-17-001 (HL) |
| VS. | : | 28 U.S.C. § 2255 |
| | : | 7:14-CV-00059 (HL) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed with the Clerk on April 22, 2014, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  (Doc. 48).

An Information was filed against Petitioner on May 2, 2011, alleging one count of possession of child pornography.  (Doc. 1).  On that same date Petitioner signed a Waiver of Indictment, and Petitioner entered into a Plea Agreement with the government pleading guilty to possession of child pornography.  (Docs. 2 - 5).  Petitioner was sentenced on July 29, 2011 to 78 months imprisonment followed by twenty-five (25) years of Supervised Release.  (Docs. 24, 36). Petitioner appealed his conviction and sentence, and on February 6, 2012, the Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal.  (Docs. 26, 45).

Petitioner's conviction became final on May 7, 2012, ninety (90) days after the entry of judgment on direct appeal (February 6, 2012), when the time for filing a petition of certiorari with

the Supreme Court expired.[1,2]   On April 14, 2014, Petitioner executed his Motion to Vacate pursuant to 28 U.S.C. § 2255.   (Doc.48).

Petitioner appears to assert that his motion is timely because a new rule of law decided on June 17, 2013 in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) may be made retroactive in the near future.  (Doc.48).   The *Alleyne* decision addresses whether judicial fact-finding is permissible where it increases the mandatory minimum sentence.   Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"The Supreme Court has not declared that its decision in *Alleyne* is to be given retroactive effect."   *Abraham v. U.S.*, 2013 WL 6913185, * 7 (S.D. Fla., Dec. 31, 2013); *U.S. v. Harris*, 741 F.3d 1245, 1250, n. 3 (11th Cir. 2014) (consideration of *Alleyne* claim on direct appeal "is not intended to suggest that *Alleyne* applies retroactively to cases on collateral appeal"); *Murphy v.*

---

[1] The ninety (90) day time period expired on Sunday, May 6, 2012, giving Petitioner until May 7, 2012 to file his petition for certiorari.

[2] A defendant has ninety (90) days after the entry of judgment on direct appeal to seek certiorari.   U.S.Sup.Ct. Rule 13.   If the defendant does not seek certiorari, the one-year statute of limitations governing § 2255 motions begins to run ninety (90) days after judgment on direct appeal is entered.   *Kaufmann v. U.S.*, 282 F.3d 1336, 1338 (11th Cir. 2002).

*U.S.*, 2014 WL 1388403, *5 (N.D. Ala., April 9, 2014) ("courts within this Circuit have found that *Alleyne* has not been made retroactive to cases on collateral review").   Petitioner has not shown, and the undersigned does not find, that *Alleyne* is a new rule of constitutional law that the Supreme Court made retroactive on collateral review.   *See* 28 U.S.C. § 2255(f).

Petitioner has failed to show that there is a new rule of law that has been made retroactive which would affect the 1-year limitations period in this case.   The limitations period ran on May 7, 2013, which is 1 year after Petitioner's judgment became final.   Petitioner did not execute this habeas Petition until April 14, 2014, which was almost a year after the limitations period had run.   Therefore, this § 2255 Motion is untimely filed, and it is the recommendation of the undersigned that Petitioner's § 2255 Motion be **DISMISSED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 19th day of May, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf